UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SLAWOMIR OBARSKI,**<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>**CLIENT SERVICES INC.,**<br><br>　　　　　　Defendant. | Civ. No. 2:13-02271 (WJM)<br><br>**OPINION** |

## WILLIAM J. MARTINI, U.S.D.J.:

*Pro se* plaintiff Slawomir Obarski brings this action against Client Services, Inc. ("Defendant" or "Client Services") alleging violations of the Fair Credit Reporting Act ("FCRA"), in connection with a credit check Client Services ran on Obarski. This matter comes before the Court on Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

Client Services is a third party debt collector. Compl. ¶ 1. On or about April 12, 2011, Client Services contacted Obarski to demand payment of a delinquent account. *Id.* ¶ 2. Subsequently, Obarski learned that Client Services had made a hard inquiry—essentially a credit check—with various credit reporting agencies ("CRAs"). *Id.* ¶ 3. The hard inquiry has appeared on Obarski's credit report from April 2011 through April 2013. *Id.* ¶ 4.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). Moreover, where the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

1

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 129 S.Ct. at 1949.

The Complaint contains three counts. In Count I, Obarski claims that Client Services violated 15 U.S.C. § 1681(b) ("Section 1681(b)") by running a hard inquiry without a "permissible purpose." The FCRA provides that credit reports may be obtained for certain specified purposes. *See Huertas v. U.S. Dept. of Educ.*, No. 8-3959, 2009 WL 3165442, at *9 (D.N.J. Sept. 28, 2009) (citing 15 U.S.C. § 1681(b)). "[One] such purpose is [the] . . . review or collection of an account of [ ] the consumer.'" *Id.* (quoting 15 U.S.C. § 1681b(a)(3)(A)). Obarski's contention that Client Services lacked a permissible purpose for its hard inquiry is conclusory. *See Twombly*, 550 U.S. at 555. Indeed, the Complaint acknowledges that Client Services is a third party debt collector that demanded Obarski pay on a delinquent account. Compl. ¶¶ 1-2. Nothing in the Complaint suggests that Client Services ran its hard inquiry for any purpose other than debt collection. Accordingly, the Court will **DISMISS** Count I **WITHOUT PREJUDICE**.

In Counts II and III, Obarski claims that Client Services reported inaccurate information to CRAs, in violation of 15 U.S.C. § 1681s-2(a)(1)(B)(i) and 15 U.S.C. § 1681s-2(a)(3). As 15 U.S.C. § 1681s-2(a) lacks a private right of action, the Court will **DISMISS** Counts II and III **WITH PREJUDICE**. *Burrell v. DFS Servs., LLC*, 753 F. Supp. 2d 438, 447-48 (D.N.J. 2010).

The Court will grant Obarski 30 days leave to file a Second Amended Complaint consistent with this opinion. An appropriate order follows.

      /s/ William J. Martini
      **WILLIAM J. MARTINI, U.S.D.J.**

**Date: June 3, 2013**