UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SLAWOMIR OBARSKI,**<br><br>Plaintiff,<br><br>v.<br><br>**CLIENT SERVICES INC.,**<br><br>Defendant. | Civ. No. 2:13-02271 (WJM)<br><br>**OPINION** |

### WILLIAM J. MARTINI, U.S.D.J.:

*Pro se* plaintiff Slawomir Obarski brings this action against Defendant Client Services, Inc. ("Client Services") alleging violations of the Fair Credit Reporting Act ("FCRA"), in connection with a credit check Client Services ran on Obarski. This matter comes before the Court on Defendant's unopposed motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

Client Services is a third party debt collector. Am. Compl. at 1, ECF No. 8. On or about April 12, 2011, Client Services contacted Obarski to demand payment of a delinquent account. *Id.* Subsequently, Obarski learned that Client Services had made a hard inquiry—essentially a credit check—with various credit reporting agencies ("CRAs"). *Id.* The hard inquiry has negatively affected Obarski's credit rating. *Id.* Obarski maintains that he disputed his credit report with Client Services and the CRAs. *Id.* Count II.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). Moreover, where the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).  While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 129 S.Ct. at 1949.

The Amended Complaint contains two counts.  In Count I, Obarski claims that Client Services violated 15 U.S.C. § 1681(b) ("Section 1681(b)") by running a hard inquiry without a "permissible purpose."  The FCRA provides that credit reports may be obtained for certain specified purposes. *See Huertas v. U.S. Dept. of Educ.*, No. 8-3959, 2009 WL 3165442, at *9 (D.N.J. Sept. 28, 2009) (citing 15 U.S.C. § 1681(b)).  "[One] such purpose is [the] . . . review or collection of an account of [ ] the consumer.'" *Id.* (quoting 15 U.S.C. § 1681b(a)(3)(A)).  In its prior opinion, the Court dismissed Obarski's claim under 15 U.S.C. § 1681(b) because it was conclusory. *Obarski v. Client Services*, No. 13-2271, 2013 WL 2455960, at *1 (D.N.J. June 5, 2013).  As Obarski's claim remains conclusory, the Court will **DISMISS** Count I **WITH PREJUDICE**.

In Count II, Obarski claims that Client Services violated 15 U.S.C. § 1681s-2(b) ("Section 1681s-2(b)").  Section 2(b) provides a private right of action only where a plaintiff alleges that 15 U.S.C. § 1681i(a)(2) ("Section 1681i(a)(2)") has been satisfied. *See Burrell v. DFS Servs., LLC*, 753 F. Supp. 2d 438, 448 (D.N.J. 2010).  If a consumer disputes his credit report with a CRA, Section 1681i(a)(2) provides that the CRA must, within five days, provide notice of the dispute to "any person who provided [the CRA] with any item of information in dispute."  Obarski does not allege that Client Services provided CRAs with information that Obarski disputes.  And while Obarski claims to have disputed his credit report with CRAs, Obarski does not allege that any CRA provided Client Services with the notice required by Section 1681i(a)(2).  Because Obarski has not alleged that Section 1681i(a)(2) has been satisfied, Obarski lacks a private right of action under Section 2(b).  Accordingly, the Court will **DISMISS** Count II **WITHOUT PREJUDICE**. The Court will grant Obarski 30 days leave to file a Second Amended Complaint consistent with this opinion.  An appropriate order follows.

      /s/ William J. Martini
    **WILLIAM J. MARTINI, U.S.D.J.**

**Date: August 5, 2013**