IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SLAWOMIR OBARSKI,<br><br>       **Plaintiff,**<br><br>   v.<br><br>CLIENT SERVICES, INC.,<br><br>       **Defendant.** | Case No. 2:13-cv-02271-WJM-MF |

## DEFENDANT CLIENT SERVICES, INC.'S REPLY IN FURTHER IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

  Defendant Client Services, Inc. ("CSI") by and through its attorneys LUCAS AND CAVALIER, LLC, respectfully submits this reply in further support of its motion to dismiss the second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

  Plaintiff has amended the complaint twice after defendants' successful motions to dismiss. Plaintiff's second amended complaint again fails to set forth a claim upon which relief can be granted. It is apparent plaintiff has no support, legal or factual, for his claim that CSI violated the Fair Credit Reporting Act ("FCRA").

  Plaintiff concedes CSI had a permissible purpose to make a hard inquiry on his credit report. See plaintiff's opposition to CSI's motion to dismiss the second amended complaint (Document 15) at ¶7. The permissible purpose was to assist in

the collection of a debit.  See id.  As set forth in CSI's memorandum of law in support of its motion to dismiss (Document 14-1 at p.8), a "furnisher of information" has been defined as an entity which transmits information concerning a particular debt owed by a particular consumer to a CRA.  CSI did not supply any information to a CRA regarding plaintiff's debt to CitiBank.  In fact, plaintiff does not allege CSI supplied any information to a CRA regarding the debt owed to CitiBank.

Instead, plaintiff's contrived contention is CSI provided the CRA the information necessary to make the permissible hard inquiry on his credit report.  According to plaintiff, CSI was proper in making the hard inquiry, but can be held liable under the FCRA for providing the information necessary to the CRA to get the credit report.[1]  See plaintiff's opposition to the motion to dismiss (Document 15) at p.5.  Plaintiff's second amended complaint (and all prior complaints) is devoid of any allegation regarding what information CSI furnished to a CRA which would qualify CSI as a "furnisher of information".

CSI did not furnish any information to a CRA regarding plaintiff's debt to CitiBank which CSI was collecting.  This is confirmed by the allegations in plaintiff's second amended complaint which solely yammers about the hard

---

[1] If this were true, any act of making a hard inquiry on a credit report would constitute a violation of the FCRA.

inquiry on his credit report.  It is the hard inquiry which plaintiff asserts should have been removed; not any information about the CitiBank debt.  This is because CSI did not report to a CRA any information about the CitiBank debt.

Plaintiff cannot assert a claim against CSI upon which relief can be granted.  Plaintiff has tried three times to do so and cannot.  Any further attempt to amend the complaint would be futile.  Therefore, plaintiff should not be given yet another opportunity to amend the complaint.  The time has come for the dismissal of plaintiff's second amended complaint with prejudice.

WHEREFORE, defendant Client Services, Inc. respectfully requests this Honorable Court dismiss the second amended complaint with prejudice.

Respectfully submitted,

LUCAS AND CAVALIER, LLC

By: _____

Daniel S. Strick, Esquire
126 White Horse Pike, 3rd Floor
Haddon Heights, NJ 08035
Tel (856) 546-7172
Fax (856) 546-7110
***Attorneys for Defendant, Client Services, Inc.***

Date: September 23, 2013

I:\Obarski\pleading\reply in support of MTD 2nd amended complaint.docx

## CERTIFICATE OF SERVICE

I, Daniel S. Strick, Esquire, hereby certify on this date a true copy of defendant Client Services, Inc.'s reply in further support of its motion to dismiss plaintiff's second amended complaint was served on the below date upon the following by U.S. First Class Mail, postage pre-paid:

Slawomir Obarski
110 Midland Avenue 2B
Midland Park, NJ
*Pro se Plaintiff*

_____
Daniel S. Strick, Esquire

Dated:  September 23, 2013