UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SLAWOMIR OBARSKI,** <br><br> Plaintiff, <br><br> v. <br><br> **CLIENT SERVICES INC.,** <br><br> Defendant. | Civ. No. 2:13-02271 (WJM) <br><br><br> **OPINION** |

## WILLIAM J. MARTINI, U.S.D.J.:

*Pro se* plaintiff Slawomir Obarski brings this action against Defendant Client Services, Inc. ("Client Services"), alleging violations of the Fair Credit Reporting Act ("FCRA") in connection with a credit check Client Services ran on Obarski. This matter comes before the Court on Defendant's motion to dismiss Obarski's Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion is **GRANTED**.

Client Services is a third party debt collector. Second Am. Compl. at 1, ECF No. 8. On April 12, 2011, or thereabouts, Client Services contacted Obarski and demanded that Obarski pay an alleged debt to Citibank. *Id.* Obarski proceeded to inform a credit reporting agency ("CRA") that he did not owe the money Client Services was trying to recover. *Id.* Notably, Obarski makes no allegation that Client Services told a CRA about Obarski's alleged debt. Nor does Obarski allege that the alleged debt appeared on his credit report. Sometime after he heard from Client Services, Obarski contacted the three major CRAs. Obarski learned that Client Services had run a hard inquiry—essentially a credit check—on Obarski's name. *Id.* On August 7, 2013, Obarski called one of the CRAs to discuss his credit report. *Id.* at 2. An employee named Zak confirmed to Obarski that a "dispute was filed and all interested parties were notified." *Id.* Obarski's pleading is unclear here, but the "dispute" appears to reference the communication in which Obarski informed a CRA that he did not owe the debt Client Services was trying to recover.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v.*

*United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). Moreover, where the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 129 S.Ct. at 1949.

The Second Amended Complaint alleges that Client Services violated a single provision of the FCRA, namely 15 U.S.C. § 1681s-2(b) ("Section 1681s-2(b)"). As discussed in the Court's earlier opinion, a plaintiff can bring a claim under Section 1681s-2(b) only if the plaintiff alleges that the notice requirements in 15 U.S.C. § 1681i(a)(2) ("Section 1681i(a)(2)") have been satisfied. *See Obarski v. Client Services, Inc.*, slip op. at 2 (D.N.J. August 5, 2013), ECF No. 10 (citing *Burrell v. DFS Servs., LLC*, 753 F. Supp. 2d 438, 448 (D.N.J. 2010)). Under Section 1681i(a)(2), if a consumer disputes his credit report with a CRA, the CRA must, within five days, provide notice of the dispute to "any person who provided [the CRA] with any item of information in dispute."

The Court dismissed Obarski's Amended Complaint because the Amended Complaint failed to allege that Client Services informed CRAs about Obarski's alleged debt. *See Obarski*, slip op. at 2. Rather than correct this defect by alleging that Client Services told CRAs about the alleged debt, Obarski asks the Court to engage in an act of speculation. Pl.'s Br. at 5, ECF No. 15. Obarski states: "In order to obtain Plaintiff's credit report Defendant had to provide CRA with its name, Plaintiff's name at least, tell CRA that he attempts to collect alleged debt to establish permissible purpose to obtain consumer's credit report (unless credit report was obtained under false pretense), provide some information about alleged debt . . . ." *Id.* It is certainly plausible that Client Services provided Obarski's name in connection with the hard inquiry. But nothing in the Second Amended Complaint suggests that Client Services told CRAs about Obarski's alleged debt. It follows that Obarski has not pled a violation of Section 1681s-2(b).

The Second Amended Complaint's failure to correct the deficiencies in the First Amended Complaint tells the Court that further leave to amend would prove futile. Rather than grant Obarski leave to file a Third Amended Complaint, the Court will **DISMISS** the Second Amended Complaint **WITH PREJUDICE**. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (leave to amend properly denied on futility grounds). An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: October 7, 2013**